NATIONAL EXCHANGE BANK & others *vs.* EBEN SUTTON.

Essex.    April 3, 1888. — May 7, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Assignment — Creditors — Trust.*

A debtor conveyed a large portion of his real estate to his son, who thereupon signed an agreement, which, after reciting the financial embarrassment of the debtor, stated that the conveyance was "for the purpose of having the same applied in liquidation of his indebtedness, irrevocably, in such manner as I shall deem best, . . . and leaving the time and manner of the sale of said real estate fully at my discretion, and the same to be managed and sold without any interference of" the debtor, and provided for the payment to the debtor of any surplus from the proceeds of the real estate, after deducting the expenses and the amounts paid to creditors. *Held,* that no trust was created in favor of general creditors which could be enforced in equity.

BILL IN EQUITY, filed July 6, 1886, alleging that the plaintiffs were creditors of William Sutton, and had been since November 30, 1881; that on that date William Sutton, who was then the owner of valuable real estate in the county of Essex, conveyed to the defendant, without consideration, by a quitclaim deed duly recorded, all of his real estate in that county, with the exception of certain property referred to as conveyed by him to certain trustees by a deed duly recorded; and that the same day the defendant executed the following agreement:

"Know all men by these presents, that whereas my father, William Sutton, of Peabody, county of Essex and Commonwealth of Massachusetts, has become financially embarrassed, and has made a conveyance to me of all his real estate situate in the county of Essex, not otherwise disposed of, for the purpose of having the same applied in liquidation of his indebtedness, irrevocably, in such manner as I shall deem best, and with full and complete authority in me to settle with the creditors for such sum or sums, and at such time or times, as I shall deem best, and leaving the time and manner of the sale of said real estate fully at my discretion, and the same is to be managed and sold without any interference on the part of said William Sutton, his heirs or assigns.

" I, Eben Sutton, of North Andover, in said county of Essex, hereby agree with said William Sutton, his heirs and assigns, that after the sale of said real estate I will pay to said William Sutton, his heirs and assigns, any surplus that may be left from the proceeds of the sale of said real estate, after the amounts paid to the creditors of said William Sutton have been deducted from said sales, and all that may be hereafter paid, and all expenses that may be incurred in the care, management, and sale of said real estate, with interest on all sums paid over receipts from time to time on the indebtedness of said William Sutton, and all other expenses and moneys paid in the care, management, and sale of said real estate.

" It being distinctly understood and agreed that these presents shall not in any particular affect my right to manage and sell said real estate, and that the purchasers shall not in any way be responsible for the application of the proceeds of the sale of said real estate, or any part thereof."

The bill further alleged, that William Sutton died, testate, on April 18, 1882, and that an executor of his will was subsequently appointed; that his estate afterwards was declared insolvent, and the claims of the plaintiffs were duly allowed in the Probate Court; and that the estate, other than that conveyed to the defendant, was inconsiderable, and insufficient to pay a dividend on the claims proved against it.

The bill further alleged, that the defendant, by virtue of the conveyance to him and of his agreement, held the real estate conveyed to him and the proceeds thereof in trust for the use and benefit of William Sutton; that the defendant had, since the conveyance to him, sold and conveyed certain portions of such real estate; that the defendant had paid to some of the creditors of William Sutton the whole or a part of their respective claims out of the proceeds thereof; that the defendant had refused to pay to the plaintiffs their several claims, or any part thereof, though often requested so to do; and that the defendant denied he was under any obligation to the plaintiffs, and claimed to hold the proceeds of the real estate sold by him, and the remainder thereof not yet sold, as his own property, free from any trust.

The prayer of the bill was: 1. That the defendant might be

required to make full discovery as to how much money he had received from all sales made by him of such real estate, and as to his disposition thereof, and to account for the same.  2. That a trustee other than the defendant might be appointed to hold such real estate, and the proceeds thereof, for the use and benefit of the creditors of William Sutton, and that the defendant might be required to convey to such trustee all the real estate unsold, and the proceeds of what had been sold by him.

The defendant demurred to the bill for want of equity.  Hearing on the bill and demurrer before *C. Allen*, J., who reserved the case for the consideration of the full court.

*G. Putnam & L. S. Tuckerman*, for the defendant.

*H. P. Moulton*, for the plaintiffs.  The conveyance to the defendant with the instrument executed by him, if not invalid on account of fraud, constituted, for the benefit of all assenting creditors of William Sutton, a trust which can be enforced in equity. *Ward* v. *Lewis*, 4 Pick. 518.  *Pingree* v. *Comstock*, 18 Pick. 46. *New England Bank* v. *Lewis*, 8 Pick. 113.  *Bouvé* v. *Cottle*, 143 Mass. 310.  Voluntary assignments by a debtor in trust for the payment of debts are valid so far as assented to by creditors, and will protect the property or fund from attachment to the extent of the amount due to assenting creditors. *National Mechanics & Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38.  *May* v. *Wannemacher*, 111 Mass. 202.  *Pierce* v. *O'Brien*, 129 Mass. 314. *Faulkner* v. *Hyman*, 142 Mass. 53.  It is submitted that sufficient assent is shown in the act of bringing suit.

Authority is given by this instrument to the trustee to apply the proceeds of the real estate in liquidation of the grantor's indebtedness, in such manner as the trustee shall deem best, " with full and complete authority . . . to settle with the creditors for such sum or sums, and at such time or times," as the trustee shall deem best.  This establishes a trust for the benefit of all the creditors, and discretion is given the trustee to pay them such sums as he shall see fit.  The discretion here given is legal and reasonable, and will be under the control of a court of equity. *Benedict* v. *Huntington*, 32 N. Y. 219.  *Mann* v. *Witbeck*, 17 Barb. 388.  *Hollister* v. *Loud*, 2 Mich. 309.  Similar assignments have been held valid in a large number of adjudicated cases. *Neally* v. *Ambrose*, 21 Pick. 185.  *Hitchcock* v. *Cadmus*, 2 Barb.

381.   *Whitney* v. *Krows*, 11 Barb. 198, 201.   *Townsend* v. *Stearns*, 32 N. Y. 209.   *Norton* v. *Kearney*, 10 Wis. 443.   *Nye* v. *Van Husan*, 6 Mich. 329.

The effect of the whole instrument is to give the assignee control over the assets of the debtor, and invest him with such discretionary power as he may lawfully use for the benefit of all the creditors, without interference or control on the part of the grantor.

DEVENS, J.   The bill of the plaintiffs proceeds upon the ground that the conveyance made by William Sutton was a conveyance to the defendant, Eben Sutton, of his real estate, or a certain portion thereof, which, having proper regard to the rights of his creditors, he might properly make, and that the agreement made contemporaneously by the defendant with William Sutton is one which it is his duty to perform.   They do not seek to invalidate the conveyance as voidable by creditors, or as for any reason fraudulent, nor to place themselves in such a position as they would occupy if, for the purpose of impeaching its validity, they had at law attached the property.

As creditors, they seek the benefit of the trust, which, they contend, the defendant assumed in favor of all the creditors, and having assented to it by bringing this bill, they claim to have it enforced in their favor by directions under the bill to Eben Sutton, or through his removal as trustee.   Nor is their bill framed upon any alternative by which, in case the court should be of the opinion that no trust was created in favor of the general creditors, such facts are averred that the conveyance to Eben Sutton can be declared fraudulent and illegal as against them, and the defendant held responsible to them for the property he has received, or which he still holds, belonging originally to William Sutton.

The position of the plaintiffs submits, as the only inquiry, whether the conveyance was a general assignment for the benefit of all the creditors of William Sutton who might desire to avail themselves of it, or whether the conveyance was simply upon the trust that the defendant should apply the net proceeds of the estate conveyed to him to the payment or settlement of such of the debts of William Sutton as he should see fit, and upon such terms and at such times as he should see fit to pay or settle the

same, returning to William Sutton any surplus which might exist
after such payments or settlements, the whole administration of
the .property for these objects thus being left to the defendant,
acting according to his own discretion.

The language of the defendant's agreement, after the state-
ment that William Sutton, having become financially embar-
rassed, has conveyed to him all his real estate in the county of
Essex, not otherwise disposed of, is as follows : " For the purpose
of having the same applied in liquidation of his indebtedness,
irrevocably, in such manner as I shall deem best, and with full
and complete authority in me to settle with the creditors for such
sum or sums, and at such time or times, as I shall deem best, and
leaving the time and manner of the sale of said real estate fully
at my discretion, and the same is to be managed and sold without
any interference on the part of said William Sutton, his heirs or
assigns."   In a subsequent clause the defendant agrees to return
to William Sutton any surplus from the proceeds of said real
estate, after the amounts paid to the creditors of William Sutton
and the expenses have been deducted therefrom.

We have no occasion to consider whether, if the words " for
the purpose of having the same applied in liquidation of his in-
debtedness " stood alone, they might be construed as imposing
a trust which would render it the duty of the defendant to pro-
ceed to convert the real estate conveyed, with reasonable prompti-
tude, into money, and to distribute the proceeds thereof ratably
among all the creditors of William Sutton.   They are qualified
by the words which follow them.   Those words indicate that the
property was put by the debtor into the hands of the defendant
to enable him to negotiate and to effect settlements with William
Sutton's creditors as he best could, and it might be on terms
more favorable to William Sutton than he himself could expect
to obtain ; perhaps also to prefer those whom the debtor desired
especially to benefit.

The discretion given to the defendant is absolute, and of a
character such that an honest exercise of it cannot be controlled
by the direction of the court.   The amount to be repaid to
William Sutton is not that which remains after paying all his
debts, but that which remains after what the defendant may
have paid to creditors.   The agreement leaves the defendant to

proceed with the payment or settlement with creditors, so long as he may feel disposed, but imposes no duty upon him to dispose of the whole property or any specific portion in effecting this object. How large a portion of the property of William Sutton the real estate undisposed of in Essex County constituted, does not appear distinctly, although it is averred that what remained in his hands after the conveyance was inconsiderable. This fact is unimportant in the aspect in which the case is now presented.

That William Sutton had full confidence that the defendant would use this property to the best advantage in extricating him from his embarrassments, is no doubt true; but there is nothing to show that he expected him to do it by a ratable distribution among his creditors, when the whole language of the agreement is taken into consideration, but rather the reverse. The authority given to the defendant " to settle with the creditors for such sum or sums, and at such time or times," as the trustee shall deem best, indicates that the division of the property was not to be ratable, but upon a different basis, having regard to all those exigencies which control in matters of negotiation.

We are therefore of opinion that no trust was created for the benefit of all the creditors by the conveyance to the defendant, so as to entitle them to a ratable division which could be enforced in equity.                                           *Bill dismissed.*